# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Keith Hartley, on behalf of himself and all others similarly situated,** | Civ. No. 11-2664 (JRT/JJG) |
| **Plaintiff,** | |
| v. | **O R D E R** |
| **Suburban Radiologic Consultants, Ltd., and CT, Inc.,** | |
| **Defendants.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Plaintiff's Motion to Compel Discovery (ECF No. 14) and Plaintiff's Motion to Amend the Pretrial Scheduling Order (ECF No. 15). Mark Vavreck appeared on behalf of Plaintiff Keith Hartley and the putative class. Matthew Doherty appeared on behalf of Defendants Suburban Radiologic Consultants, Ltd. ("Suburban") and CT, Inc. ("CTI"). Plaintiff brings this lawsuit pursuant to the Fair Debt Collections Practices Act ("FDCPA"), alleging Defendants failed to include certain disclosures in dunning letters sent to debtors. For the reasons stated on the record, and recounted below, the Court grants in part and denies in part Plaintiff's motion to compel and grants Plaintiff's motion to amend the pretrial scheduling order.

The Court's April 2, 2012, scheduling order provided Plaintiff until September 4, 2012, to file a motion to certify a class. Plaintiff propounded discovery requests seeking information concerning, inter alia, Defendants' respective net worths and the number of people who received the dunning letters. Defendant CTI indicated it sent over 23,000 letters

but could not confirm whether some of those letters represented multiple attempts to collect from the same debtor. Defendant CTI also produced an unaudited financial statement in response to document requests seeking its net worth. Defendant Suburban has thus far failed to disclose any net worth information.

Without delving into the minutiae of the various communications between counsel, it is sufficient to say that the parties engaged in significant discussions regarding the production of documents pursuant to Plaintiff's discovery requests. Most importantly, on August 28, 2012, counsel engaged in a meet-and-confer session that ended with counsel for Defendants agreeing to discuss with his clients the possibility of producing the information. The deadline for moving to certify the class passed without the production of the specific number of letter recipients or information regarding Suburban's net worth. After the deadline passed, Defendants refused to produce the information because it would be relevant only to a class action. After seeking a stipulation, Plaintiff brought the current motions.

First, the Court concludes that information related to the size of the class is quintessentially relevant to the issue of class certification. Indeed, Federal Rule of Civil Procedure 23, governing class actions, explicitly directs the Court to consider whether the class is sufficiently numerous to justify class action treatment. Fed. R. Civ. P. 23(a)(1). Accordingly, Defendant CTI is ordered to disclose the number of recipients of dunning letters, or in the event CTI is unable to calculate the exact number of recipients, it should submit an affidavit explaining that and giving a range of the approximate number of recipients.[1]

---

[1] The parties discussed the possibility of stipulating to the approximate number of recipients or stipulating that the numerosity prerequisite is satisfied due to the difficulty of sorting through over 23,000 letters. It is not the province of the Court to dictate appropriate stipulations, but should the parties so stipulate, the requirement of disclosing the exact number of recipients would be moot, at least as far as it concerns class certification.

As for net worth, the Court finds the information relevant, but not absolutely necessary to determine whether certification is appropriate. Most courts in this District consider the quantum of damages in weighing the superiority of class treatment in putative class actions. *See, e.g.*, *Jancik v. Cavalry Portfolio Servs., LLC*, Civ. No. 06-3104 (MJD/AJB), 2007 WL 1994026, at *10-11 (D. Minn. July 3, 2007) (Davis, C.J.) (considering type and quantity of recoverable damages in determining whether to certify class action); *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 570 (D. Minn. 2003) (Doty, J.) (same). Despite that being the case, not all courts require such proof at the certification stage. *See Mund v. EMCC, Inc.*, 259 F.R.D. 180, 186-87 (D. Minn. 2009) (Tunheim, J.) (finding that, where there are substantial questions as to net worth, "where the plaintiffs have otherwise met the standards for class certification, . . . the appropriate course is to certify the class, and address any outstanding issues [related to net worth] either at a phase of this case when damages are determined, or when information emerges" clearly indicating the defendant's true net worth and "its impact on the wisdom of class-wide proceedings.").

Accordingly, the Court will not now require each Defendant to cull through its accounting records to glean its exact net worth. Instead, each Defendant shall submit a sworn affidavit containing a reasonable estimate of its approximate net worth to Plaintiff's counsel within fourteen days. Defendants should do so with the knowledge that, should this class be certified, detailed specifics regarding net worth will likely be relevant to any potential calculation of damages.

Plaintiff also moves for an extension of the pretrial scheduling order to fix the deadline to move for class certification at thirty days from the date of this Order. Plaintiff has been diligent in pursuing discovery. Thus, because diligence is the primary indicator of good

cause, *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota*, 187 F.R.D. 578, 581-82 (D. Minn. 1999), Plaintiff has met his burden, as required by Federal Rule of Civil Procedure 16(b)(4) and District of Minnesota Local Rule 16.3(b)(1), to justify extending the deadline by which to move for class certification.

While it troubles the Court that Plaintiff did not seek amendment of the scheduling order before the class certification deadline passed, Plaintiff's position is saved by the fact that the parties were engaged in discussions concerning the production of discovery. Because the parties were engaged in discovery discussions, and because Plaintiff was diligent in pursuing the discovery necessary to support his motion to certify the class, his motion is granted. The deadline for moving to certify a class shall be extended to thirty days from the date of this Order.

Finally, Plaintiff seeks attorneys' fees and costs associated with bringing this motion. Defendants, while ultimately wrong, were substantially justified in refusing to produce class-related discovery after the class certification deadline had passed. Furthermore, the Court is reticent to sanction a party for failing to stipulate on a fairly significant issue such as whether Plaintiff will proceed in an individual action or whether this case will be afforded class treatment. Therefore, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)(ii), Plaintiff's request for sanctions is denied.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

    (1)    Plaintiff's Motion to Compel Discovery (ECF No. 14) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.      Defendant CTI will disclose the number of letter recipients or a sworn statement describing why it cannot give an exact number and providing an accurate range of recipients within fourteen days of this Order; and

      b.      Defendants shall both submit affidavits containing reasonable estimations of their respective net worth within fourteen days of this Order.

(2)    Plaintiff's Motion to Amend the Pretrial Scheduling Order (ECF No 15) is **GRANTED**. Plaintiff shall have thirty days from the date of this Order to file its motion for class certification.

(3)    Plaintiff's request for sanctions is **DENIED**.

Dated: October 19, 2012                                  s/ *Jeanne J. Graham*
                                                                JEANNE J. GRAHAM
                                                                United States Magistrate Judge