## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| KEITH HARTLEY, *on behalf of himself and all others similarly situated*, | Civil No. 11-2664 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER** |
| SUBURBAN RADIOLOGIC CONSULTANTS, LTD. and CT INC., *as assumed name for Colltech, Inc.*, | |
| Defendants. | |

Mark L. Vavreck, **MARTINEAU, GONKO & VAVRECK, PLLC**, 401 North Third Street, Suite 600, Minneapolis, MN 55401; Thomas J. Lyons, **LYONS LAW FIRM, P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127; and Thomas J. Lyons, Jr., **CONSUMER JUSTICE CENTER P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127, for plaintiff.

Matthew R. Doherty and Ryan J. Trucke, **BRUTLAG, HARTMANN & TRUCKE, PA**, 3555 Plymouth Boulevard, Suite 117, Plymouth, MN 55447, for defendants.

Keith Hartley brings this action, alleging multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, against Suburban Radiologic Consultants and CT, Inc. (collectively, "Defendants") based on the contents of a debt collection letter he received. Hartley's complaint also includes class allegations. On September 30, 2013, the Court denied Defendants' motion for summary judgment with respect to Hartley's claim that Defendants violated 15 U.S.C. § 1692j. (Mem. Op. & Order at 43, Sept. 30, 2013, Docket No. 56.) The Court also granted

Hartley's motion for class certification with respect to that claim. (*Id.*) Defendants now bring a motion asking the Court to certify both the denial of summary judgment and the grant of class certification for interlocutory appeal.

Federal Rule of Civil Procedure 23(f) provides that:

A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered. An appeal does not stay the proceedings in the district court unless the district judge or the court of appeals so orders.

Because Rule 23(f) empowers the court of appeals to determine the propriety of an appeal from a district court's order granting a motion for class certification, the Court will not consider certifying the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Prices Litig.*, 09-md-2058, 2010 WL 3893807, at *1 (D. Minn. Sept. 29, 2010) (noting that in an earlier case plaintiffs had "sought interlocutory review of the Court's order denying class certification, but the Eighth Circuit denied their request for permission to appeal"); *Sanft v. Winnebago Indus., Inc.*, 214 F.R.D. 514, 527 n.9 (N.D. Iowa 2003) (explaining that certification for appeal pursuant to 28 U.S.C. § 1292(b) of an order denying a motion for class certification is unnecessary because Rule 23(f) "permits interlocutory appeals" from such orders within the discretion of the appellate court), *amended in part by* 216 F.R.D. 453 (N.D. Iowa 2003). Accordingly, the Court will deny Defendants' motion to the

extent it seeks permission to file an interlocutory appeal from the Court's September 30, 2013 order granting Hartley's motion for class certification.[1]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Certification for Interlocutory Appeal [Docket No. 57] is **DENIED in part** to the extent it requests certification to appeal from the Court's order [Docket No. 56] granting Plaintiff's Motion for Class Certification.

DATED:  October 8, 2013
at Minneapolis, Minnesota.

_____
s/ John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

---

[1] The Court will withhold ruling on the propriety of certifying for interlocutory appeal its decision denying Defendants' motion for summary judgment with respect to liability under 15 U.S.C. § 1692j until the time period for Hartley to file a response to Defendants' motion has expired.