# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| KEITH HARTLEY, *on behalf of himself and all others similarly situated*, | Civil No. 11-2664 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** |
| SUBURBAN RADIOLOGIC CONSULTANTS, LTD. and CT INC., *as assumed name for Colltech, Inc.*, | |
| Defendants. | |

Mark L. Vavreck, **MARTINEAU, GONKO & VAVRECK, PLLC**, 401 North Third Street, Suite 600, Minneapolis, MN 55401; Thomas J. Lyons, **LYONS LAW FIRM, P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127; and Thomas J. Lyons, Jr., **CONSUMER JUSTICE CENTER P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127, for plaintiff.

Matthew R. Doherty and Ryan J. Trucke, **BRUTLAG, HARTMANN & TRUCKE, PA**, 3555 Plymouth Boulevard, Suite 117, Plymouth, MN 55447, for defendants.

Keith Hartley brings this action, alleging multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendants Suburban Radiologic Consultants ("Suburban") and CT, Inc. ("Colltech") based on the contents of a debt collection letter he received. Hartley's complaint also includes class allegations. On September 30, 2013, the Court denied Defendants' motion for summary judgment with respect to Hartley's claim that Defendants violated 15 U.S.C. § 1692j. (Mem. Op. & Order at 43, Sept. 30, 2013, Docket No. 56.) The Court also granted

Hartley's motion for class certification with respect to that claim.  (*Id.*)  Defendants now bring a motion asking the Court to certify the denial of summary judgment for interlocutory appeal.[1]  Because Defendants have not established that an immediate appeal would materially advance the termination of this litigation, the Court will deny Defendants' motion.

## BACKGROUND

Hartley's claims arise out of a debt collection letter sent to him by Colltech seeking to collect a debt that Hartley allegedly owed to Suburban.  Hartley claims that the letter he received constitutes a flat-rating scheme in violation of 15 U.S.C. § 1692j, which prohibits designing or furnishing forms with the knowledge that those forms will "be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of . . . a debt . . . when in fact such person is not so participating."  (*See* Compl. ¶ 12, Sept. 14, 2011, Docket No. 1.)  In December

---

[1] The Court previously denied Defendants' request to certify for interlocutory appeal the Court's grant of Hartley's motion for class certification, because Federal Rule of Civil Procedure 23(f) empowers the court of appeals to determine the propriety of an appeal from a district court's order granting a motion for class certification, rather than the district court.  (Order, Oct. 8, 2013, Docket No. 59.)  On October 15, 2013, Defendants requested permission from the Eighth Circuit to appeal the Court's grant of Hartley's motion for class certification.  (Appellate Case No. 13-8036, Pet. for Permission to Appeal under Fed. R. Civ. P. 23(f), Oct. 15, 2013.)  The Eighth Circuit denied Defendants' request.  (Appellate Case No. 13-8036, J., Dec. 5, 2013.)

2012, Hartley and Defendants both moved for summary judgment with respect to Hartley's flat-rating claim.[2]

The Court denied Defendants' motion for summary judgment, determining that Suburban, as a creditor, could potentially be liable for flat-rating. *Hartley v. Suburban Radiologic Consultants, Ltd.*, Civ. No. 11-2664, 2013 WL 5467300, at *10-*12 (D. Minn. Sept. 30, 2013).[3]   The Court reasoned that a creditor may be deemed a debt collector, and therefore fall within the FDCPA's scheme of liability when the creditor "'in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.'" *Id.* at *10 (quoting 15 U.S.C. § 1692a(6)).   The Court concluded that one circumstance in which a creditor could be deemed a debt collector within this definition "is when the creditor engages in a flat-rating arrangement," with a third party that provides forms which create the false impression that a third party is involved in the creditor's debt collection efforts. *Id.*   In so concluding, the Court noted that some courts have "taken a narrow approach to creditor liability under the FDCPA, finding creditors to be debt collectors under § 1692a(6) only where the creditor 'actually pretends to be someone else

---

[2] Defendants also moved for summary judgment with respect to Hartley's other FDCPA claims based on the debt collection letter.  The Court granted that aspect of Defendants' motion, *see Hartley v. Suburban Radiologic Consultants, Ltd.*, Civ. No. 11-2664, 2013 WL 5467300, at *20 (D. Minn. Sept. 30, 2013), and those claims are not at issue in the present motion to certify an interlocutory appeal.

[3] The Court declined to consider Hartley's motion for summary judgment that was filed simultaneously with his motion for class certification, adhering "to the general rule that courts postpone determination of the merits until after class members have been given notice." *Hartley*, 2013 WL 5467300, at *8.

or uses a pseudonym or alias.'" *Id.* at *11 (quoting *Villarreal v. Snow*, Civ. No. 95-2484, 1996 WL 473386, at *3 (N.D. Ill. Aug. 19, 1996)).   But ultimately the Court chose to adopt "the better-reasoned and more prevalent view" that "liability can be imposed upon creditors not only where the creditor uses aliases or pseudonyms but also 'where the creditor merely implies that a third party is collecting a debt when in fact it is the creditor that is attempting to do so.'"  *Id.* (quoting *Larson v. Evanston Nw. Healthcare Corp.*, Civ. No. 98-0005, 1999 WL 518901, at *3 (N.D. Ill. July 19, 1999)).   Applying undisputed case law regarding the scope of Section 1692j, the Court went on to determine that Colltech could also be liable for flat-rating if it "was not acting as a debt collector, but was merely providing its name or letterhead for collection purposes."  *Id.* at *13.

## ANALYSIS

Circuit courts of appeals have jurisdiction over "all final decisions of the district court[]."  28 U.S.C. § 1291.  Under certain circumstances, a district court may determine that an otherwise non-final order may be certified for interlocutory appeal under 28 U.S.C. § 1292(b).  Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

A party seeking an interlocutory appeal therefore bears the burden of establishing that (1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal may

materially advance the ultimate termination of litigation. *Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 860 (D. Minn. 2012).

A motion for certification of interlocutory appeal "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Section 1292 is "'to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation'" and "'was not intended merely to provide review of difficult rulings in hard cases.'" *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). Furthermore it has "'long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants.'" *White*, 43 F.3d at 376 (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)). The Court finds that, even assuming that its summary judgment order contained a controlling question of law upon which there were substantial grounds for a difference of opinion, the Defendants have not established that an interlocutory appeal will materially advance termination of the litigation. *See Burks v. Abbott Labs.*, Civ. No. 08-3414, 2013 WL 949890, at *1-*2 (D. Minn. Mar. 11, 2013) (denying certification for interlocutory appeal on the sole basis that the appeal would "not materially advance the ultimate termination of the litigation in the exceptional manner contemplated by the statute" (internal quotation marks omitted)).

Defendants argue that an immediate appeal will materially advance termination of the litigation because resolution of the flat-rating issues in their favor will avoid further discovery, motion practice, the class notification process, and a possible trial. (Defs.' Mem. in Supp. of Mot. for Certification of Interlocutory Appeal at 7-8, Oct. 4, 2013, Docket No. 58.) The Court disagrees. Defendants have identified potentially substantial grounds for a difference of opinion with respect to only the Court's finding of potential liability as to Suburban. Defendants have not identified any substantial grounds for a difference of opinion with respect to the Court's finding of potential liability as to Colltech. The Court applied the plain language of Section 1692j and relied upon case law that has not been subject to substantial disagreement by other courts to determine that if Colltech was "merely providing its name or letterhead for collection purposes" it could be liable for flat-rating. *Hartley*, 2013 WL 5467300, at *13. Therefore, even if the Eighth Circuit reversed the Court's determination with respect to Suburban's potential liability, the litigation would not terminate, but rather would proceed with Colltech as the sole defendant. This litigation would involve nearly identical facts, motion practice, class notification process, and trial.[4] Here, the parties have already engaged in substantial discovery and motion practice, and are poised to begin the process of notifying the class

---

[4] Notably, the Eighth Circuit has already declined to certify the Court's grant of class certification for interlocutory appeal. This suggests that even if the Court were to grant the present motion, and reach the opposite conclusion of the Court on the open issue of whether a creditor may be liable for flat-rating, Colltech would still likely seek to challenge the grant of class certification in a later appeal. *See Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc.*, 930 F. Supp. 1317, 1326 (D. Minn. 1996) ("The Eighth Circuit strongly disfavors piecemeal appeals." (citing cases)).

members, indicating that the parties have already made substantial progress in the litigation.  An interlocutory appeal will not materially advance the termination of the litigation more than would continuing proceedings in this Court.  *See Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, Civ. No. 09-3037, 2013 WL 4028144, at *6 (D. Minn. Aug. 7, 2013) (finding that interlocutory appeal was not warranted where "[t]he parties have engaged in extensive discovery and motion practice" indicating that "an interlocutory appeal would not materially advance the ultimate termination of this litigation").

Finally, the Court notes that the inquiry with respect to material advancement of the litigation must also assess the propriety of an interlocutory appeal from the nonmoving party's perspective.  In this case, the Court cannot ignore the possible deleterious impact on the litigation – in terms of both expense and delay – if the Eighth Circuit were to affirm this Court's denial of summary judgment.  *See Ray v. Union Pac. R.R. Co.*, Civ. No. 4:11-334, 2013 WL 6039044, at *2 (S.D. Iowa Nov. 14, 2013) ("Defendant is correct that **if** this Court certifies the matter, and **if** the Eighth Circuit agrees with Defendant's position . . . this litigation will likely end.  The Court cannot, however, ignore the reasonable likelihood of an alternate outcome, namely that the Court of Appeals would affirm this Court's ruling . . . .  Indeed, if this latter scenario comes to fruition, the litigation in this matter will have been dramatically and unnecessarily prolonged, at significant expense to both parties, by an interlocutory appeal." (emphasis in original) (internal quotation marks omitted)).  Therefore, the Court concludes that this

case is not an "extraordinary" in which "interlocutory appeal might avoid protracted and expensive litigation."  *United States Rubber Co.*, 359 F.2d at 785.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Certification for Interlocutory Appeal [Docket No. 57] is **DENIED**.


DATED: December 12, 2013                   _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                             JOHN R. TUNHEIM
                                                   United States District Judge