## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

KEITH HARTLEY, *on behalf of himself and all others similarly situated,*

                                            Civil No. 11-2664 (JRT/JJG)

            Plaintiff,

v.                                          **ORDER ON REPORT
                                            AND RECOMMENDATION**

SUBURBAN RADIOLOGIC CONSULTANTS, LTD., and CT, INC. SERVICES, *an assumed name for Colltech, Inc.,*

            Defendants.

Mark L. Vavreck, **MARTINEAU, GONKO & VAVRECK, PLLC**, 401 North Third Street, Suite 600, Minneapolis, MN  55401; Thomas J. Lyons, **LYONS LAW FIRM, P.A.**, 367 Commerce Court, Vadnais Heights, MN  55127; and Thomas J. Lyons, Jr., **CONSUMER JUSTICE CENTER P.A.**, 367 Commerce Court, Vadnais Heights, MN  55127, for plaintiff.

Matthew R. Doherty and Ryan J. Trucke, **BRUTLAG, HARTMANN & TRUCKE, PA**, 3555 Plymouth Boulevard, Suite 117, Plymouth, MN 55447, for defendants.

The above-entitled matter came before the Court upon the Report and Recommendation of the United States Magistrate Judge.  No objections have been filed to the Report and Recommendation in the time period permitted.

Based upon the Report and Recommendation of the Magistrate Judge, and all the files, records and proceedings herein,

    **IT IS HEREBY ORDERED** that:

    1.    The Report and Recommendation are **ADOPTED**;

    2.    The Court adopts all defined terms as set forth in the Settlement Stipulation.

3.     The Court finds that the requirements of Federal Rule of Civil Procedure 23 have been satisfied as to the Class Period defined in the Settlement Stipulation and certifies the following Settlement Class only for purposes of effectuating the Settlement Agreement:

a.     all 28,475 persons/consumers residing in Minnesota to whom letters similar to Exhibits A, B and/or C (attached to Stipulation of Settlement and Notice) were sent during the Class Period (September 14, 2010 through September 13, 2011); and

b.     excluding:

i.     persons who asserted claims that were the subject of any lawsuit filed during the Class Period alleging causes of action related to any Released Claims;

ii.    persons who asserted any claims for which Defendants received an executed release during the Class Period;

iii.   Defendants, all present or former officers and/or directors of Defendants, Class Counsel, the Judge of this Court, Defendants' counsel of record; and

iv.    all persons who make a timely election to be excluded from the Settlement Class.

4.     The Settlement Stipulation is preliminarily approved, as the terms are within the range of possible approval as being fair, reasonable, and adequate, and the proposed Notice to the Settlement Class of the settlement terms and conditions, and the scheduling of a final fairness hearing is reasonable under the circumstances.

5.     Defendants Suburban Radiologic Consultants, Ltd., and CT Inc. Services, an assumed name for Colltech Inc. ("CT Inc.") shall disseminate Notice of Proposed Class Settlement Stipulation to all potential Class Members as soon as possible but no later than thirty

(30) business days following the date of this Report and Recommendation.  A copy of the Notice, in the form attached to the Settlement Stipulation, shall be mailed by first-class U.S. mail, postage prepaid, to all Class Members in accordance with the Settlement Stipulation.  Defendants shall bear the costs of dissemination of the Notice pursuant to the terms of the Settlement Stipulation.

6.      A hearing ("Settlement Hearing") shall be held before Magistrate Judge Jeanne J. Graham on **July 31, 2014, at 9:30 a.m. in the U.S. District Court for the District of Minnesota**: (a) to determine whether the proposed Settlement Stipulation is fair, adequate, and reasonable, and should be approved, and whether the Final Judgment should be entered as to claims asserted, or which could have been asserted, against the Released Parties on the merits; (b) to consider Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Class Representative Award; and (c) to reserve jurisdiction to effect and enforce the Settlement Stipulation.

7.      The Court approves the form of Notice attached to the Settlement Stipulation as Exhibit 3, and finds that the procedures established for mailing and distributing such notices substantially in the manner and form set forth in paragraph 3 of this Report and Recommendation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances.  Notice shall be sent to all potential Class Members.

8.      To effectuate the provision of notice provided in paragraph 3 above, Plaintiff's counsel shall be responsible for the receipt of all responses from the Settlement Class Members and, until further order of this Court, shall preserve all entries of appearance, requests for

exclusion, and any and all other written communications from Settlement Class Members or any other person in response to the Notice.  Plaintiff's counsel shall provide or cause to be provided to counsel for Defendants copies of all such documents (other than objections, if any, to the Settlement Stipulation), until no longer necessary.  The costs of notification of the potential Class Members as provided in this Report and Recommendation, including printing and mailing, of all required notices, shall be borne by CT Inc. in accordance with the terms of the Settlement Stipulation.

9.      Three (3) days before the date fixed by this Court for the Settlement Hearing, Defendants shall cause to be filed with the Clerk of the Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice in paragraph 3 has been made, showing that such mailing has been made in accordance with this Report and Recommendation.  Further, seven (7) days prior to the Settlement Hearing Plaintiff will file his Motion for Attorney's Fees and Costs and for a Class Representative Award.

10.     Each Settlement Class Member will be bound by the proposed Settlement provided for in the Settlement Stipulation, and by the Final Judgment or any other determination by this Court affecting the Class, unless such member shall mail, by first-class U.S. mail, a written request for exclusion from the Class, post-marked no later than thirty (30) days after the Notice is mailed, addressed to "CT Inc. Exclusion Requests," Attn:  Thomas J. Lyons Jr., Consumer Justice Center P.A., 367 Commerce Court, Vadnais Heights, MN  55127. Such request for exclusion must state (a) the name, address and telephone number of the person seeking exclusion; and (b) that the person making the request wishes to be excluded from the Settlement Class.  Because the Settlement Stipulation is intended to be a resolution of all

Released Claims, any person requesting exclusion must either exclude himself or herself from the Settlement Stipulation in its entirety, or submit to the Settlement Stipulation in its entirety. A request for exclusion shall not be effective unless it is made in the manner and within the time set forth in this paragraph and in the Notice. If a member of the Class requests to be excluded, that person will not receive any benefit provided for in the Settlement Stipulation, in the event the Settlement Stipulation is approved by the Court, nor will such person be permitted to participate further in the Action. Any Settlement Class Member who does not request exclusion in this manner may, but need not, enter an appearance in this Action at his, her or its own cost through counsel of his, her or its own choice.

11.     Any member of the Class who has not requested exclusion from the Class may appear at the Settlement Hearing, in person or through counsel, to object and be heard in opposition to any of the matters to be heard at the Settlement Hearing, including: (a) the requested approval of the Settlement Stipulation as fair, adequate, and reasonable; (b) Class Counsel's Motion for Award of Attorneys' Fees and Expenses; and/or (c) the requested entry of the Final Judgment. A member of the Class cannot request exclusion from the Class AND object to the Settlement Stipulation. For any objection to be considered by the Court, the objector must mail a valid written objection, and it must be post-marked no later than thirty (30) days after the Notice is mailed. In order to be valid, the written objection must set forth: (a) a reference, at the top, to "Hartley v. Suburban Radiologic Consultants Ltd., et al, No. 11-CV-2664 JRT/JJG"; (b) a statement as to whether the objector intends to appear at the Settlement Hearing, either in person or through counsel; (c) a detailed statement of the specific basis for the objection; (d) the name that is set forth on the Notice that was sent to the objector; (e) the objector's current name, if

different from the name set forth on the Notice; (f) the objector's current address; (g) the objector's current telephone number and, if available, telecopier number; and (h) the objector's signature or that of his or her authorized representative.  Three copies of the written objection must be sent, the first addressed to the District Clerk of U.S. District Court for the District of Minnesota, Box 100, 316 North Robert Street St. Paul, Minnesota 55101, the second addressed to Thomas J. Lyons, Jr., The Consumer Justice Center, P.A., 367 Commerce Ct., Vadnais Heights, Minnesota 55127, and the third addressed to Ryan J. Trucke, Brutlag, Hartmann & Trucke P.A., 3555 Plymouth Boulevard, Suite 117, Minneapolis, Minnesota 55447.  If an objection does not include all of the required information or if it is not timely mailed to the three correct addresses, then it shall be invalid and it will not be considered by the Court.  Any member of the Class who does not object in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement Stipulation, Class Counsel's Motion for Award of Attorneys' Fees and Expenses, and the proposed Final Judgment.

12.     The Court expressly retains the power to adjourn the Settlement Hearing, without any further notice other than an announcement at the Settlement Hearing of the adjournment thereof, and to approve, modify, or disapprove the Settlement Stipulation without further notice to members of the Settlement Class.  The Court retains jurisdiction over this Action to consider all further applications arising out of or connected with the proposed Settlement Stipulation.

13.     The Parties to this Settlement, counsel in any capacity in which they may act under the authority of the Settlement Stipulation, and any employees or Agents of such law firms or the Parties to the Settlement Stipulation (including, without limitation, those employees and

independent contractors who may furnish services in connection with the proposed Settlement) shall not be liable for anything done or omitted in connection with the Settlement Stipulation except for their own willful misconduct.

14.     The Parties to the Settlement Stipulation are directed to carry out their current obligations under the Settlement Stipulation.

15.     In the event that the Settlement Stipulation is not approved by the Court, or the Court enters the Final Judgment and it is vacated or modified on appeal, or the Effective Date for any other reason does not occur, then the Settlement Stipulation and any actions to be taken in connection with it:  (a) shall be vacated and terminated and shall become null and void for all purposes, and all negotiations, transactions and proceedings connected with it; (b) shall be without prejudice to the rights of any Party; (c) shall not be deemed or construed as evidence or an admission by any Party of any fact, matter or thing; and (d) shall not be admissible in evidence or used for any purpose in any subsequent proceeding in the Action, or any other action or proceeding in this or any other forum, judicial, administrative, or otherwise, except proceedings to enforce the Settlement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 5, 2014                         s/John R. Tunheim                          
                                            JOHN R. TUNHEIM
                                            United States District Judge